# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Anshu Pathak,<br><br>　　　Plaintiff<br><br>v.<br><br>Exotic Meat Market, Inc.,<br><br>　　　Defendant | 2:16-cv-00368-JAD-VCF<br><br>**Order**<br><br>**[ECF Nos. 13, 15]** |

Anshu Pathak sues Exotic Meat Market, Inc. for fraud.  "Defendant Sunil Bhasin, as individual, aka president of expired and/or dissolved domestic Corporation[] known as Exotic Meat Market, Inc.," responded on behalf of Exotic with a motion to dismiss or transfer venue to the Central District of California.[1]  Because corporations like Exotic may appear in federal court only through a licensed attorney, I denied the motion without prejudice and ordered Exotic to retain an attorney to appear on its behalf.  I cautioned Exotic that if it failed "to timely file a response to the complaint *through proper counsel*, the court will grant plaintiff's pending motion for entry of default [ECF No. 13] without further notice."[2]

Exotic did not retain an attorney, and Bhasin objects to my order.  He claims that he has standing to file papers in this case because he is an unnamed doe defendant and thus a party to this case, and he insists that Exotic has not been properly served with process.[3]  Although I disregard Exotic's objections because Bhasin cannot raise them on Exotic's behalf, on further review of Pathak's proof, it appears that the summons that was served on Bhasin as Exotic's resident agent was improperly altered and is thus ineffective.  I deny Pathak's motion for default and give Pathak until June 27, 2016, to properly serve an unaltered, properly issued summons on Exotic in compliance with the law.

---

[1] ECF Nos. 5, 6.

[2] ECF No. 14.

[3] ECF No. 15.

**Discussion**

Rule 55(a) of the Federal Rules of Civil Procedure states, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

As his proof of service, Pathak offers a summons that the process server swears was personally served on Sunil Bhasin, the resident agent of Exotic, a Nevada corporation.[4] But, upon inspection, it appears that this summons was altered. There was only one summons issued by the Clerk of Court in this case,[5] and that summons was issued to defendant Exotic Meat Market, Inc. But the summons that was ultimately served on Bhasin has Exotic crossed out as the defendant, and someone instead handwrote in, "Anil Joshi, officer at Exotic Meat Market Inc."[6]

---

[4] ECF No. 8 at 2.

[5] *See* ECF No. 2.

[6] ECF No. 8 at 1.

2

The proof of service states that the summons served was for "Anil Joshi, Officer of Exotic Meat Market (Doe5)." Curiously, the complaint alleges that "Mr. Anil K. Joshi does not exist."[7]

A summons is a legal document issued by the Clerk of Court. It cannot be altered except by the Clerk of Court. And Rule 4 of the Federal Rules of Civil Procedure clearly explains that a summons "must" "be directed to the defendant," not to a non party, particularly one that the complaint alleges "does not exist."[8] Because proper legal service consists of the summons issued by the court and a copy of the complaint—and it appears from the documents submitted by Pathak that the summons was improperly altered before it was served, I cannot conclude that Exotic received legal service of process. For this reason, I deny Pathak's motion for the Clerk's entry of default against Exotic.

Rule 4(m) states, "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[9] Pathak has until June 27, 2016, to effectuate proper and complete service of the original UNALTERED summons and complaint on Exotic Meat Market, Inc., in the manner required by law. If Pathak no longer has the unaltered summons, he must submit a new one to the Clerk of Court for issuance. Pathak is cautioned that the summons must be issued in the name of the defendant, and the only named defendant in this case is Exotic Meat Market, Inc.

Nothing in this order should be construed to condone Bhasin's appearance, or attempt to appear, on behalf of Exotic. Corporations like Exotic may appear in federal court only through a licensed attorney.[10] Bhasin has been repeatedly warned that he lacks the power and ability to

---

[7] ECF No. 1 at ¶ 22.

[8] Fed. R. Civ. P. 4(a)(1)(B).

[9] Fed. R. Civ. P. 4(m).

[10] *See* 28 U.S.C. § 1654; *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *Licht v. Am. W. Airlines (In re Am. W. Airlines)*, 40 F.3d 1058, 1059 (9th Cir. 1994) ("Corporations and other unincorporated associations must appear in court through an attorney.").

3

represent Exotic, and he has not been named as a defendant in this case so he has no right to file documents in any capacity in this case. This court will disregard all future filings by Bhasin in this case on behalf of Exotic or in any other capacity unless Pathak formally names Bhasin as a party in this case (and as of now, he has not).

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Pathak's Motion for Entry of Clerk's Default [ECF No. 13] is DENIED without prejudice. Pathak has until June 27, 2016, to properly serve and file proof of legal service on Exotic, or this case will be dismissed under FRCP 4(m) without prejudice and without further notice;

IT IS FURTHER ORDERED that Bhasin's objections on behalf of Exotic [ECF 15] are overruled because Bhasin, a non-attorney, lacks the ability to file documents in this case.

Dated this 6th day of June, 2016

_____
Jennifer A. Dorsey
United States District Judge