UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Anshu Pathak,<br><br>　　　Plaintiff<br><br>v.<br><br>Exotic Meat Market, Inc., et al.,<br><br>　　　Defendants | 2:16-cv-00368-JAD-VCF<br><br>**Order Striking First Amended Complaint; Setting Aside Clerk's Entry of Default Against Allied Global Care, Alternative Global Health, Inc., Capital Finance and Investment Trust, and Primerose Financial Group, Inc.; Denying as Moot Motions for Default Judgment as to those Defendants; Overruling Objections to the Magistrate Judge's Order Granting Bhasin's Motion to Intervene; Denying Motions for Default Judgment against Exotic Meat Market, Inc.; Denying as Moot Bhasin's Motion to Dismiss and Request for Judicial Notice; and Vacating Minute Order Setting Briefing Schedule on Bhasin's Motion to Dismiss**<br><br>[ECF Nos. 31, 40–44, 48, 52–54] |

　　　Anshu Pathak purports to be the rightful owner of the "Vegetable of the Month Club" and "Cheese of the Month Club" trademarks and sues Exotic Meat Market, Inc. for falsely representing to the United States Patent and Trademark Office that Pathak had assigned his entire interest in both trademarks to Exotic.[1] Pathak further alleges that Sunil Bhasin, Exotic's former president, caused Exotic to transfer those trademark interests to Bhasin by forging the signature of an Exotic officer that Pathak claims does not exist.[2]

　　　Pathak recently filed an amended complaint that adds a claim to quiet title on four parcels of real property located in California against five new defendants: Dennis McMullin, Primerose Financial Group, Inc., Allied Global Care, Alternative Global Health, Inc., and Capital Finance and Investment Trust.[3] When Exotic failed to respond to the original complaint, the Clerk of

---

[1] *See generally* ECF No. 1.

[2] *Id.*

[3] ECF No. 19 at 4–8.

Court entered default against it.[4]  And when Primerose Financial, Allied Global, Alternative Global, and Capital Finance failed to respond to the amended complaint, the Clerk of Court entered default against them.[5]

Pathak now moves for default judgment against all of the defaulted defendants,[6] and for me to "vacate" Magistrate Judge Ferenbach's order granting Bhasin's motion to intervene in this action as a defendant.[7]  Bhasin moves to dismiss the amended complaint,[8] and in so doing, requests that I take judicial notice of certain records on file with the Secretaries of the States of Nevada and Wyoming and orders that have been entered by California courts.[9]

I find that Pathak did not comply with any of the procedures described in FRCP 15 for amending pleadings.  I therefore strike his unauthorized First Amended Complaint, I set aside the default that the Clerk of Court entered against Primerose Financial, Allied Global, Alternative Global, and Capital Finance for their failure to respond to that rogue pleading, I deny as moot Pathak's motion for default judgment against those defendants, and I also deny as moot Bhasin's motion to dismiss that amended pleading and related motion for judicial notice.  Further, I overrule Pathak's objections to the magistrate judge's order granting Bhasin's motion to intervene.  And I deny without prejudice Pathak's motion for entry of default against Exotic.

---

[4] ECF No. 28.

[5] ECF Nos. 38, 39.

[6] ECF Nos. 31, 40, 41, 42, 43, 44.  Only Dennis McMullin has not been defaulted.

[7] ECF No. 48.

[8] ECF No. 52.

[9] ECF No. 53.  These records include an order from the Central District of California finding Pathak to be a vexatious litigant and requiring him to make an initial showing of likelihood of success on the merits to file a new claim and move forward in any action asserting claims against Omaha Steaks International, Inc. based on the validity of the judgment entered against Pathak in *Omaha Steaks Intern., Inc. v. Pathak*, No. 03-cv-1401 (C.D. Cal. 2003).  *See Pathak v. Omaha Steaks Intern. Inc.*, No. 10-cv-7054, ECF No. 25 at 12:24–13:10 (C.D. Cal. Mar. 28, 2011).

**Argument**

**A.    Pathak's Unauthorized First Amended Complaint**

Pathak filed a First Amended Complaint on June 9, 2016, and with it added a claim to quiet title to four parcels of real property in California against Dennis McMullin, Primerose Financial Group, Inc., Allied Global Care, Alternative Global Health, Inc., and Capital Finance and Investment Trust.  Rule 15 of the Federal Rules of Civil Procedure allows a party to amend his pleading "once as a matter of course within . . . 21 days of serving it[ ] or [the earlier of] . . . 21 days after service of a responsive pleading or . . . service of a motion under Rule 12(b), (e), or (f)."[10]  "In all other cases, a party may amend [his] pleading only with the opposing party's written consent or the court's leave."[11]  Pathak did not comply with this procedure when he filed his amended complaint.

First, Pathak did not file his amended pleading within 21 days of service of his original complaint, a responsive pleading, or a motion under FRCP 12.  Pathak served his original complaint on February 24, 2016,[12] which gave him until March 16, 2016, to amend that pleading once as a matter of course under FRCP 15(a)(1)(A).  Assuming without deciding that service of Sunil Bhasin's procedurally defective[13] Rule 12 motion triggered Pathak's right to amend under

---

[10] FED. R. CIV. P. 15(a)(1).

[11] *Id.* at 15(a)(2).

[12] ECF No. 27 at 7–8 (purporting that Pathak's original complaint was personally served on Exotic through its registered agent Sunil Bhasin on February 24, 2016).

[13] Before he intervened as a defendant in this action, Bhasin filed a motion to dismiss under FRCP 12(b) on behalf of Exotic on March 17, 2016.  ECF No. 5.  I denied Bhasin's motion without prejudice because he is not a licensed attorney and thus "is not permitted to represent Exotic Meat in this action despite his status as its former president." ECF No. 14 at 1:13–18.

FRCP 15(a)(1)(B),[14] then Pathak had until April 5, 2016, to amend his complaint.[15] But Pathak did not file his amended complaint until June 9, 2016,[16] well after both deadlines had expired. Nor did Pathak obtain written consent from Exotic or leave of court before he filed his amended complaint.

I therefore strike Pathak's unauthorized First Amended Complaint,[17] and I deny Bhasin's motion to dismiss that pleading[18] and his related request for judicial notice as moot.[19] Because the Clerk of Court entered default against Primerose Financial Group, Inc.; Allied Global Care; Alternative Global Health, Inc.; and Capital Finance and Investment Trust for their failure to respond to Pathak's unauthorized amended complaint, I also set those defaults aside[20] and I deny Pathak's motions for entry of default judgment against those defendants as moot.[21] The net result is that Pathak's original complaint, filed on February 23, 2016, is his operative pleading until and unless he moves for and obtains leave of court to amend it.[22]

---

[14] Were I to disregard Bhasin's procedurally defective Rule 12 motion, then I would have to conclude that Pathak's right to amend under Rule 15(a)(1)(B) had not yet been triggered when he filed his amended complaint.

[15] ECF No. 5 at 28 (providing that Bhasin served his Rule 12 motion via the U.S. mail system on March 12, 2016); FED. R. CIV. P. 6(d) (adding three days when a party must act within a specified time after being served via mail).

[16] ECF No. 19 (Pathak filed his amended complaint on June 9, 2016).

[17] ECF No. 19.

[18] ECF No. 52.

[19] ECF No. 53.

[20] ECF Nos. 38 (original entry of default), 39 (amended entry of default correcting typographical error: changing Allied Global Health, Inc. to Allied Global Care).

[21] ECF Nos. 41, 42, 43, 44.

[22] ECF No. 1. Pathak is cautioned that, if he moves to amend consistent with his rogue amended complaint, he must demonstrate why this *Nevada* court has subject-matter jurisdiction over a claim to quiet title to real properties located in *California*.

B.     **Pathak's Objection to the Order Granting Bhasin's Motion to Intervene**

Bhasin moved to intervene in this action as a defendant under FRCP 24(a) and (b).[23] Bhasin argued that his motion was timely, he has an interest in the subject of this action because he is the present owner of the trademarks that Pathak alleges were fraudulently assigned to Exotic and then fraudulently transferred to Bhasin, and disposition of this action will impede or impair his ability to protect those interests, which are not adequately represented by Exotic.[24] Bhasin alternatively argued that his defenses to the fraud claim share questions of law and fact that are common to Exotic's defenses.[25]

When Pathak failed to timely respond to Bhasin's motion, the magistrate judge granted it under LR 7-2, which states that the failure of an opposing party to file points and authorities in response to any motion constitutes consent to the granting of the motion.[26] Pathak now moves me to vacate that order, arguing that he was not served with a copy of the motion and that Bhasin failed to file proof of service.[27] Notably, Pathak does not address the merits of Bhasin's motion to intervene.[28] Because the magistrate judge had the authority to hear and finally determine Bhasin's motion to intervene,[29] I construe Pathak's motion as an appeal from the magistrate judge's order under LR IB 3-1.

Local Rule IB 3-1(a) provides that "A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LR IB 1-3, when it has been shown

---

[23] ECF No. 33.

[24] *Id.* at 6–9.

[25] *Id.* at 9–10.

[26] ECF No. 47.

[27] ECF No. 48.

[28] *See id.*

[29] *See* 28 U.S.C. § 636(b)(1)(A) (enumerating matters that magistrate judges cannot finally determine); *accord* LR IB 1-4 (same).

that the magistrate judge's order is clearly erroneous or contrary to law."[30] The clearly erroneous standard applies to a magistrate judge's findings of fact.[31] "A finding is clearly erroneous when[,] although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[32] A magistrate judge's order "is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure."[33] The district judge "may affirm, reverse, or modify" the ruling made by the magistrate judge, or remand the ruling to the magistrate judge with instructions.[34]

Pathak argues that the magistrate judge's order is clearly erroneous because he granted Bhasin's motion after Pathak's failed to oppose it. But, Pathak declares, he was not served with a copy of the motion and Bhasin failed to file proof that he served the motion on Pathak.[35] In response, Bhasin declares that he did properly serve Pathak with a copy of the motion and filed proof of service to that effect.[36]

Bhasin did file proof of service with his motion: in it, non-party John Warner declares that he served Pathak with a copy of the motion to intervene via U.S. mail on July 7, 2016.[37] "A signed return of service constitutes prima facie evidence of valid service '. . . [that] can be

---

[30] *Accord* 28 U.S.C. § 636(b)(1)(A).

[31] *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993).

[32] *Id.* at 622 (internal quotation marks and citation omitted).

[33] *Glob. Advanced Metals USA, Inc. v. Kemet Blue Powder Corp.*, No. 3:11-cv-00793, 2012 WL 3884939, at *3 (D. Nev. Sept. 6, 2012).

[34] L.R. I.B. 3-2.

[35] ECF No. 48.

[36] ECF No. 49.

[37] *Id.* Bhasin appears to have employed Mr. Warner to effectuate service of several other documents on Pathak in this action. *See* ECF Nos. 5 at 28, 6 at 28, 11 at 23, 12 at 23.

overcome only by strong and convincing evidence.'"[38] As evidence that he was not served, Pathak offers only his conclusory declaration that "Mr. Sunil Bhasin did not serve me 'Motion to Intervene' for opposition."[39] But merely denying receipt of service is insufficient to overcome the presumption of service.[40] Pathak has not met his burden, and I am not left with a firm conviction that the magistrate judge committed a mistake when he granted Bhasin's motion to intervene. Thus, I overrule Pathak's objections to the magistrate judge's order.

**C.     Pathak's Motion for Default Judgment Against Exotic**

On Pathak's motion,[41] the Clerk of Court entered default against Exotic on Pathak's original claim for fraud.[42] Pathak now moves for default judgment against Exotic for damages in the amount of $5,000,000, costs totaling $610, and to order that ownership of the "Vegetable of the Month Club" and "Cheese of the Month Club" trademarks be transferred to Pathak.[43]

When the clerk has entered a default against a party, Rules 54(b) and 55 of the Federal Rules of Civil Procedure permit the court to enter a default judgment.[44] However, the Ninth Circuit follows the time-honored *Frow* doctrine for considering default judgments in multi-defendant cases: "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter

---

[38] *O'Brien v. R.J. O'Brien & Assoc.*, 998 F.2d 1394, 1398 (7th Cir. 1993) (quoting *Hicklin v. Edwards*, 226 F.2d 410, 414 (8th Cir. 1955)).

[39] ECF No. 48 at 3, ¶ 3.

[40] *See S.E.C. v. Internet Solutions for Business, Inc.*, 509 F.3d 1161, 1167 (9th Cir. 2007) (citing *Burda Media ,Inc. v. Viertel*, 417 F.3d 292, 302–03 (2d Cir. 2005)).

[41] ECF No. 27.

[42] ECF No. 28.

[43] ECF Nos. 31, 40.

[44] *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).

has been adjudicated with regard to all defendants."[45]  The Ninth Circuit extends this doctrine to cases in which the co-defendants are "similarly situated" and defense of the claims will hinge on the same legal theory because "it would be incongruous and unfair to allow a plaintiff to prevail against defaulting defendants on a legal theory rejected by a court with regard to an answering defendant in the same action."[46]

This case is particularly suited for application of the *Frow* doctrine.  Pathak sues Exotic for the alleged fraudulent assignment of Pathak's entire interest in the "Vegetable of the Month Club" and "Cheese of the Month Club" trademarks to Exotic, and the subsequent allegedly fraudulent transfer of Exotic's interests in those marks to Bhasin.  Pathak alleges that Bhasin formed Exotic and is the former president of that now-dissolved Nevada entity.  Bhasin has intervened in this action as a defendant to defend against Pathak's fraud claim.  I find on this record that Bhasin and Exotic are similarly situated and that their defense of the fraud claim will hinge on the same legal theories.  The *Frow* doctrine cautions against entering a default judgment against Exotic while Bhasin continues to defend against Pathak's claim.  For this reason, I deny Pathak's motion for a default judgment against Exotic without prejudice to Pathak's ability to reurge this request after the claim against Bhasin has been resolved.

## Conclusion

IT IS HEREBY ORDERED that:

- The Clerk of Court is directed to **STRIKE** Anshu Pathak's First Amended Complaint **[ECF No. 19]** and to **SET ASIDE** the default judgments that have been entered against Primerose Financial Group, Inc., Allied Global Care, Capital Finance and Investment Trust, and Alternative Global Health, Inc**. [ECF Nos. 38, 39]**;

---

[45] *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)).

[46] *Geramendi v. Henin*, 683 F.3d 1069, 1082–83 (9th Cir. 2012) (quotation omitted).

- Anshu Pathak's motions for entry of default judgment against Primerose Financial Group, Inc. **[ECF No. 41]**, Allied Global Care **[ECF No. 42]**, Capital Finance and Investment Trust **[ECF No. 43]**, and Alternative Global Health, Inc. **[ECF No. 44] are DENIED** as moot;
- Sunil Bhasin's motion to dismiss the first amended complaint **[ECF No. 52]** and related request for judicial notice **[ECF No. 53] are DENIED** as moot;
- Anshu Pathak's objections to the magistrate judge's order granting Bhasin's motion to intervene **[ECF No. 48] are OVERRULED**;
- Anshu Pathak's motions for entry of default judgment against Exotic Meat Market, Inc. **[ECF Nos. 31, 40] are DENIED** without prejudice; and
- The minute order setting the briefing schedule on Sunil Bhasin's motion to dismiss **[ECF No. 54] is VACATED**.

DATED: September 20, 2016

_____
Jennifer A. Dorsey
United States District Judge