UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Anshu Pathak,<br><br>　　　　Plaintiff<br><br>v.<br><br>Exotic Meat Market, Inc.,<br><br>　　　　Defendant | 2:16-cv-00368-JAD-VCF<br><br>**Order Denying Motion to Dismiss or, Alternatively, to Transfer Venue**<br><br>[ECF No. 56] |

　　　Anshu Pathak purports to be the rightful owner of the "Vegetable of the Month Club" and "Cheese of the Month Club" trademarks and sues Exotic Meat Market, Inc. for fraudulently representing to the U.S. Patent and Trademark Office that Pathak had assigned his entire interest in both trademarks to Exotic.[1]  Pathak further alleges that Sunil Bhasin, Exotic's former president, caused Exotic to transfer those trademark interests to Bhasin by forging the signature of an Exotic officer that Pathak claims does not exist.[2]

　　　Bhasin successfully moved to intervene as a defendant under FRCP 24[3] and now moves to dismiss this action for lack of subject-matter jurisdiction, improper venue, and failure to state a claim or, alternatively, to transfer it to the U.S. District Court for the Central District of California.[4]  Pathak responds that Bhasin never served him with a copy of the motion; rather, Pathak received notice from the court that he had to respond to Bhasin's motion within 14 days.[5]  Pathak is referencing the minute order that I issued the day after Bhasin filed his motion giving

---

[1] ECF No. 1.

[2] *Id.*

[3] ECF No. 55 at 5–7.

[4] ECF No. 56.

[5] ECF No. 58 at 2.

notice under *Klingele v. Eikenberry*[6] and *Rand v. Rowland*[7] that it is dispositive.[8] This is not the first time Pathak has claimed that Bhasin failed to serve him.[9]

      Bhasin did not file proof that he served the motion on Pathak. He replies that he did serve Pathak with a copy of the motion: for proof he directs me to the nonexistent 22nd page of his motion[10] and attaches to his reply a postal-service receipt for the delivery of a first-class envelope weighing 5.80 oz to Las Vegas, Nevada 89118.[11]

      In light of the parties' dispute about service, IT IS HEREBY ORDERED that Bhasin's **motion to dismiss or, alternatively, to transfer venue [ECF No. 56] is DENIED without prejudice**. If Bhasin wants to reurge his motion, he must do so by **April 11, 2017**. Bhasin must also **SERVE** a copy of the motion on Pathak in the manner authorized under FRCP 5(b)(2) and **FILE by April 14, 2017**, a certificate with the court indicating how service was accomplished.

      To avoid similar disputes in the future, the court recommends that the parties accomplish service by using certified mail with a return receipt or another form of mail that allows for tracking and delivery confirmation.

      DATED: April 4, 2017.

                                          _____
                                          Jennifer A. Dorsey
                                          United States District Judge

---

[6] *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

[7] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

[8] ECF No. 54.

[9] ECF No. 48.

[10] ECF No. 59 at 3.

[11] *Id.* at 10.